Contracts; interpretation; ambiguity; Federal v. State -rights ami liabilities; liability for relocation costs of Federally-owned water main. — The Department of the Interior, Bureau of Declamation, pursuant to the Federal Declamation laws, by contract dated March 7, 1956, with the Ventura Diver Municipal Water District (now Casitas Municipal Water District) constructed the Ventura Diver project. The water district is obligated to repay to the United States the costs related to construction of the system and is responsible for maintenance and operation thereof. Title to project works constructed by the United States remains in the latter, notwithstanding transfer of the works to the water district for operation and maintenance. As part of the project, the Bureau has constructed, and has retained title to. *700 35 miles of pipeline, to which, the district subsequently has-constructed, and has title to, approximately 60 additional miles. In 1958 the Bureau 'applied for and obtained from the State of California an encroachment permit to invade the-right-of-way of State Highway 150 to construct a water main (the Ojai Valley main); work on the main was completed in April 1959. This case concerns the portion of the-main located within and longitudinal to the right-of-way of Highway 150 at Thacher Creek. Title to the main is in the United States; it is maintained and operated by the Casitas Municipal Water District. In 1963 the State Division of Highways and the Bureau negotiated an agreement providing for the joint use of their respective rights-of-way where their respective facilities cross; this agreement incorporated by reference the 1958 encroachment permit. In-. 1971 the State Division of Highways was judicially ordered to replace the existing highway culvert spanning Thacher Creek at its juncture with Highway 150 by construction of a single span bridge, which required a section of the Ojai Valley main to be relocated. However, absent a procedure-satisfactory to all parties permitting subsequent determination of liability for the cost of relocating the section of the main at Thacher Creek, the State constructed a temporary bridge that has not interfered with operation of the main; construction of a permanent bridge will follow determination of the liability issues in this case. Determination of responsibility for the cost of relocating the main to accommodate the bridge construction depends upon the effect of’ the 1963 - agreement on the 1958 encroachment permit. Defendant asserts that the parties intended that the 1963 agreement supersede the 1958 permit; plaintiff contends that, by its terms, the 1963 agreement only applies to past crossings' and future transverse crossings and has no application to portions of the main where invasion of the State’s right-of-way is longitudinal and not a crossing. In a recommended decision filed February 19, 1976, Trial Judge Kenneth It. Harkins concluded that the 1963 agreement is ambiguous; that it did not supersede the provisions of the 1958 permit; that the terms of the 1958 permit expressly obligated the Bureau to bear the costs of relocating a segment of the main *701 to accommodate ¡the State’s bridge construction; and that as ■of filing of the recommended decision it has not been determined whether the Bureau or the water district ultimately will bear the relocation costs if the Bureau is found to be •contractually liable. On June 11, 1976 the court sitting as a panel (Davis, Judge, Presiding, Nichols and Kunzig, Judges), entered an order granting plaintiff’s motion to .adopt the recommended decision, defendant having filed no intention to except thereto, adopted the said decision as the basis for its judgment in this case, concluded that plaintiff is •entitled to recover, and entered judgment for plaintiff accordingly, the amount of recovery to be determined pursuant to Rule 131 (c).